Of Counsel:
SHIM & CHANG

ROY K. S. CHANG        #1733-0
*roy@shimchanglawyers.com*
HARVEY M. DEMETRAKOPOULOS #5033-0
*harvey@shimchanglawyers.com*
333 Queen Street, Suite 900
Honolulu, Hawaii      96813
Telephone No. (808)524-5803
Facsimile No. (808)538-3853

Attorneys for Plaintiff
COURTNEY DAVIS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| COURTNEY DAVIS,<br><br>         Plaintiff,<br><br>    vs.<br><br>FAIRMONT HOTELS & RESORTS (U.S.) INC., a Foreign Profit Corporation;<br><br>         Defendant. | CIVIL NO. CV _____<br>(Other Personal Injury Tort)<br><br>**COMPLAINT** |

**COMPLAINT**

COMES NOW Plaintiff COURTNEY DAVIS, by and through her attorneys, Shim & Chang, and for causes of action against the Defendant above-named alleges and avers as follows:

**THE PARTIES**

1. Plaintiff COURTNEY DAVIS (hereinafter, "Plaintiff" or "Plaintiff Davis"), was at all times pertinent herein a resident

of the City and County of Honolulu and a citizen of the State of Hawaii. At the time of her injury, Plaintiff Davis was visiting the County of Hawaii, State of Hawaii.

2. Defendant FAIRMONT HOTELS & RESORTS (U.S.) INC., a Foreign Profit Corporation (hereinafter "Defendant Fairmont") is a Foreign Profit Corporation, organized in the State of Delaware and doing business in the State of Hawaii as the hotel owner and/or manager of the luxury hotel and resort known as "The Fairmont Orchid, Hawaii" located at 1 North Kaniku Drive, Kohala Coast, Hawaii".

## STATEMENT OF JURISDICTION

3. The Plaintiff is a citizen of the State of Hawaii. Defendant Fairmont is a citizen of the State of Delaware. The parties are citizens of different states. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

## STATEMENT OF CLAIM

4. Defendant Fairmont owns, operates, manages, and/or controls the luxury hotel and resort property known as the "The Fairmont Orchid, Hawaii".

5. Defendant Fairmont provides for its guests the use of a swimming pool, surrounding deck area, lounge chairs, patio umbrellas, and a pool attendant service.

6. On December 15, 2017, Defendant Fairmont opened its pool and deck area for its guests to use.

7. On December 15, 2017, Defendant Fairmont's employees placed and opened large patio umbrellas near the lounge chairs in the pool deck area, even though it was a windy day.

8. On December 15, 2017, at least one of the patio umbrellas was not properly secured and/or anchored.

9. The combination of a patio umbrella that was not properly secured and windy conditions created a potentially dangerous condition for Defendant Fairmont's guests should the umbrella become airborne.

10. On December 15, 2017, one of the unsecured patio umbrellas was lifted up by the wind and came crashing down onto one of the hotel's guests, causing her serious bodily injuries.

11. That guest was Plaintiff Davis.

12. Plaintiff Davis' injuries were caused by and/or resulted from a breach of legal duties, safety rules, and/or standards of care which Defendant Fairmont owed to its hotel paying guests.

13. The breach of legal duties, safety rules, and/or standards of care included, at a minimum, the following:

    (a) Defendant Fairmont did not provide its guests with a safe pool deck area to lounge in;

(b) Defendant Fairmont did not take all appropriate safety measures to prevent an injury to its guests lounging in the deck area;

(c) Defendant Fairmont placed at least one patio umbrella in the deck area which could not be secured in its stand;

(d) Defendant Fairmont placed at least one patio umbrella which could be lifted out of its stand during windy conditions;

(e) Defendant Fairmont did not remove this unsecured patio umbrella from the deck area during windy conditions;

(f) Defendant Fairmont knew or should have known that this patio umbrella could injure a guest should the wind lift it out of its stand;

(g) Defendant Fairmont did not take all necessary measures to prevent this patio umbrella from being lifted out of its stand during windy conditions;

(h) Defendant Fairmont did not take appropriate measures to close and secure its patio umbrellas during windy conditions;

(i) Defendant Fairmont did not properly inspect its umbrella stands and stems before placing them in the deck area;

(j) Defendant Fairmont did not properly maintain its umbrella stands and stems before placing them in the deck area;

    (k) Defendant Fairmont placed an umbrella stand with a stem that did not have a functional securing mechanism to keep a patio umbrella from being lifted out by the wind;

    (l) Defendant Fairmont placed an umbrella stand with a stem securing mechanism that was rusted and not functional;

    (m) Defendant Fairmont placed an umbrella stand with a stem which could not prevent an umbrella from being lifted out during windy conditions;

    (n) Defendant Fairmont placed a patio umbrella in the deck area which did not have a securing mechanism to keep the umbrella from being lifted out by the wind;

    (o) Defendant Fairmont placed a patio umbrella in the deck area which was likely to get lifted out of its stand by the wind;

    (p) One of Defendant Fairmont's unsecured patio umbrellas did get lifted out of its stand and injured a guest lounging in the deck area;

    (q) Defendant Fairmont breached its warranty to provide patio umbrellas, stems, and stands, which were functional, in good working condition, and appropriate for use during foreseeable windy conditions;

    (r) Defendant Fairmont created or allowed to exist a dangerous nuisance when it chose to leave a patio umbrella which

could not be secured in its stand on its deck area during windy conditions;

(s)  Defendant Fairmont did not use reasonable care, given the wind conditions at the time, to prevent its unsecured patio umbrella from injuring one of its hotel guests;

(t)  Defendant Fairmont did not instruct its employees to close and secure the hotel's patio umbrellas during windy conditions, knowing that at least one of its umbrellas was not secured to its stem and stand;

(u)  At the time of this incident, Defendant Fairmont's employees were not present in the pool deck area to take appropriate safety precautions to prevent one of its unsecured umbrellas from injuring one of its hotel guests;

(v)  Knowing that at least one of its patio umbrellas was not secured to its stem and stand, Defendant Fairmont did not place the safety of its guests first and foremost; and

(w)  Defendant Fairmont and its employees did not take all reasonable safety precautions to prevent this foreseeable injury from occurring.

14.  As a result of Defendant Fairmont's, and/or its employees, breach of legal duties, safety rules, and/or standards of care, Defendant Fairmont was negligent and/or acted in a negligent manner.

15.  Defendant Fairmont is vicariously liable for the negligent acts and/or omissions of its employees, agents and/or contractors.

16.  On or about December 15, 2017, Plaintiff Davis was a paying guest of Defendant Fairmont Orchid, Hawaii.

17.  On December 15, 2017, Plaintiff Davis was relaxing on a chaise lounge chair near the pool when one of Defendant Fairmont's patio umbrellas was lifted out of its stand by the wind and violently struck her on her head and neck.

18.  Plaintiff Davis suffered a head injury, neck injury and other bodily injuries.

19.  Plaintiff Davis also suffered a concussion, PTSD, vision problems, vertigo, mental anguish, emotional distress, and other injury sequelae.

20.  The negligent acts and/or omissions of Defendant Fairmont, and/or others in its employ, contract, or control, were a factual and legal (more than a trivial) cause of the blow to Plaintiff Davis's head and neck, and her resulting injuries, harms, losses and/or damages.

21.  Plaintiff Davis's injuries, harms, losses, and damages occurred on the County of Hawaii, State of Hawaii.

22.  Plaintiff Davis's injuries, harms, losses, and damages were preventable had Defendant Fairmont and its employees done their job and taken reasonable safety precautions.

23. Plaintiff Davis has sustained and will further sustain special, economic, and other common law damages in an amount to be determined at trial.

24. Plaintiff Davis has sustained and will further sustain general, non-economic, and other common law damages in an amount to be determined at trial.

25. Defendant Fairmont, and/or its employees, were grossly negligent and/or acted in a willful, wanton or reckless disregard of safety rules, standards, guidelines, and the rights, feelings and safety of others, and for that reason Plaintiff Davis claims punitive damages against Defendant Fairmont, in an amount to be determined at the time of trial.

## DEMAND FOR RELIEF

Plaintiff Davis demands judgment against Defendant Fairmont, as follows:

(a) General, non-economic, and other common law damages as are proven at the time of trial.

(b) Special, economic, and other common law damages as are proven at the time of trial.

(c) Punitive and exemplary damages as are proven at the time of trial.

(d) Prejudgment interest from the date of the incident.

(e) Reasonable attorneys' fees and litigation costs.

(f)     Such other relief as may be deemed just and equitable under the premises.

DATED:  Honolulu, Hawaii, _____ March 5, 2018_____.


                                                     /s/ Harvey M. Demetrakopoulos
                                                ROY K. S. CHANG
                                                HARVEY M. DEMETRAKOPOULOS
                                                Attorneys for Plaintiff